FISHER, Appellant, v. ROCHESTER GAS-LIGHT CO. et al., Respondents. (Supreme Court, Appellate Division, First Department. July 18, 1899.) Action by George E. Fisher against Rochester Gaslight Company and others. From a judgment of the special term dismissing the complaint on the merits, plaintiff appeals. Affirmed. Chas. E. Patterson, for appellant. Hamilton Odell, for respondents.

PATTERSON, J. As was stated on the argument of this appeal by the learned counsel for the appellant, by far the greater part of the matter appearing in the bulky record in this cause is immaterial to its disposition in the only aspect in which it was finally presented for determination. The suit was in equity, the pleadings presented a cause of equitable cognizance, the proofs were directed to equitable issues, and the findings apply mainly to such issues. The complaint was dismissed. The claim upon this appeal is that, by reason of an allegation of damage contained in the amended and supplemental complaints, and of some proof made of an alleged breach of one particular contract between the plaintiff and two of the numerous defendants, the action should have been retained as one at law, and a recovery had of damages for such breach. It is quite evident that the finding of the trial court that the plaintiff has failed to prove any claim or cause of action for damages against the defendants Runkle and Smith, or either of them, is fully sustained. The liability asserted against those two defendants was for the breach of a contract dated June 12, 1890. That contract must be construed, and the obligations assumed by the two defendants named must be considered, in the light of surrounding circumstances. For some time prior to its date, Fisher and Runkle had had many dealings, negotiations, and understandings concerning the consolidation or amalgamation of gaslight companies doing business in the city of Rochester. The plaintiff claimed to be the owner of certain franchises for furnishing natural gas, and to have formed a scheme to supply natural gas to the city of Rochester, and to have the control, by lease or purchase, of large tracts of gas lands in the state of Pennsylvania, and to have had franchises from the city of Rochester to lay pipes for such gas. There were three gaslight companies operating in the city of Rochester,—the Rochester Company, the Municipal Company, and the Citizens' Company. The defendant Runkle acquired at a very large outlay of money a controlling interest in the Rochester and Municipal Companies. Efforts were made, in which the plaintiff participated, to bring the Citizens' Company into a combination. The defendant Smith became associated in interest with Mr. Runkle. After undergoing many changes and modifications respecting the interest the plaintiff was to have in the outcome of the projected consolidation (all of which, it is now conceded, are immaterial to the case), the ultimate rights of the plaintiff were fixed by the contract of June 12th. At that time the situation apparently was that the Citizens' Gaslight Company had not been brought into the arrangement, nor had the controlling interest in the stock of that company been obtained. There was a fourth corporation, called the City Gas Company, the charter of which seems to have been procured by the plaintiff, and it was in contemplation that whatever there was of this City Gas Company should be united in one new corporation with the interests of the Rochester, Municipal, and Citizens' Companies. The contract of June 12th is in the form of a letter, written by Runkle and Smith, and addressed to the plaintiff, expressive of their understanding of what was agreed upon between them and the plaintiff; and at the foot of that letter is the statement, "The foregoing understanding is correct," and that is signed by the plaintiff. In that letter it is distinctly stated that the understanding therein declared is "in case this consolidation be effected." What was required of the plaintiff was the following: "You are to transfer to H. B. Hollins & Co., or to such person, persons, or corporation as they may nominate, all the property, rights, privileges, and franchises of the City Gas Company, free of obligation, and are to receive $180,000 in shares, at par, of the stock of the consolidated company, represented by common and preferred stock in equal proportion." The natural gas interests were also to be transferred, if required. The attitude of the plaintiff at present is that he was prepared to comply with the requirements of the contract above quoted, and that the defendants proceeded to consolidate the interests of gas companies in the city of Rochester, and organized a corporation on such consolidation, and have refused to transfer to him stock in such consolidated company, or to provide for his interest in any way. The court below found as a fact that the consolidation referred to in the contract of June 12th was never made, and that the firm of H. B. Hollins & Co., mentioned in the agreement, undertook to bring into the consolidation the Citizens' Gaslight Company. The plan of organization was based upon the participation of that company in it. What was in contemplation between the parties necessarily required the Citizens' Gaslight Company to come in, and also required the transfer to a consolidated company of whatever there was of the City Gas Company, and, if required, of the natural gas interests. Long after the failure of Hollins & Co. to procure control of the Citizens' Gaslight Company, a consolidation on a different plan was effected of the Rochester gaslight and other interests, by Runkle and Smith; and the plaintiff contends that it was substantially the same combination as that in which he was to share under the contract of June 12th. He asserts that he did not know the relation of Hollins & Co. to the scheme mentioned in the contract of June 12th, and, therefore, of the details of that scheme; but Mr. Runkle testifies, and the court has accepted his statement, that Fisher was informed of the relation of Hollins & Co. to the transaction. It is proven that Hollins & Co. did not procure the Citizens' Gaslight Company's stock, and it is also proven that, as a consequence thereof, the

consolidation, which was to include the City Gas Company's interest, and, possibly, the natural gas interests, was abandoned. The evidence of that is very clear; for an effort was made by Runkle and Smith to effect a consolidation of the Rochester Company and the Municipal Company, and that consolidation was prevented by the Citizens' Company taking a hostile position, and enjoining the consummation of that scheme. Subsequently, and by negotiation, an arrangement was made by which the Citizens' Gaslight Company was brought into a consolidation with the Rochester and Municipal Companies, and from which was omitted the City Gas Company and the natural gas interests. Thereupon this plaintiff brought his action, seeking to enjoin that consolidation upon the claim, among other things, that it was in violation of contracts with him. The finding of the court below that the contract of June 12th was abandoned, and that the consolidation ultimately effected was an entirely new and distinct arrangement, in which the plaintiff had no interest, and in respect of which he had no right to be enforced, is fully justified by the proofs; and under those proofs there is no ground, either in law or in equity, upon which this action can be maintained. The judgment dismissing the complaint on the merits must be affirmed, with costs. All concur.